ROOSEVELT AND LORETTA JAMISON;
REBECCA TILTON, individually, as wife
of JOHN E. TILTON, JR., deceased, as wrongful death
beneficiary of JOHN E. TILTON, JR., deceased, and as
Administratrix of the Estate of JOHN E. TILTON, JR., deceased;
ALLISON GALE TILTON CLARK, individually,
as natural daughter of JOHN E. TILTON, JR., deceased, and as
wrongful death beneficiary of JOHN E. TILTON, JR., deceased;
NATALIE ANNE TILTON LLOYD, individually, as
natural daughter of JOHN E. TILTON, JR., deceased, and as
wrongful death beneficiary of JOHN E. TILTON, JR. deceased;
and JOHN EDWARD TILTON, III, individually, as
natural son of JOHN E. TILTON, JR., deceased, and as wrongful
death beneficiary of JOHN E. TILTON, JR., deceased

PLAINTIFFS

V.                                        CIVIL ACTION NO. 3:14CV870HTW-LRA

AERO JACKSON, INC.;
AERO JACKSON, LLC;
TEXTRON, INC.; and
DEFENDANTS A - M                                        DEFENDANTS

## MOTION TO REMAND

Plaintiffs file this their Motion to Remand this matter to the Circuit Court of the First Judicial

District of Hinds County, Mississippi and, in support thereof, would show unto the Court the

following:

1.      Plaintiffs filed their Complaint in the Circuit Court of the First Judicial District of

Hinds County, Mississippi on or about July 17, 2014.

2.      Defendant, Textron, Inc. ("Textron") removed this case to this Court alleging Federal

Jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Defendant, Textron, although it is doing business in the State of Mississippi, is a corporation

organized and existing under and by virtue of the laws of a state other than Mississippi. The other named Defendants, Aero Jackson, Inc. and Aero Jackson, LLC ("Aero Jackson Defendants") are residents of the state of Mississippi and are therefore not diverse from the Plaintiffs. The Aero Jackson Defendants, (both of which are Mississippi corporations and Mississippi entities) failed to join in the removal as required by the Federal Rules of Civil Procedure. The removal is defective and the case must be remanded. Further since the Plaintiffs and the Aero Jackson Defendants are not diverse, the Defendant, Textron, is prohibited from removing this case from Mississippi state court to Federal District Court.

3.      The Aero Jackson Defendants are Mississippi Corporations; are Mississippi residents for diversity purposes and are doing business in the state of Mississippi, are registered to do business in the state of Mississippi and are conducting business in the state of Mississippi.

4.      Defendant, Textron, is an entity organized and existing under and by virtue of the laws other than the state of Mississippi but is doing business in the state of Mississippi.

5.      Plaintiffs, Roosevelt and Loretta Jamison, are adult resident citizens of the First Judicial District of Hinds County, Mississippi, who, before the accident, resided at their address of 220 Rev. Marcus L. Butler Drive, Jackson, Mississippi  39209.

6.      Plaintiff, Rebecca Tilton, individually, as wife of John E. Tilton, Jr., deceased, and as wrongful death beneficiary of John E. Tilton, Jr., deceased, is an adult resident citizen of Madison County, Mississippi, whose address is 763 Versailles Dr., Ridgeland, MS 39157.

7.      Plaintiff, Rebecca Tilton, as Administratrix of the Estate of John E. Tilton, Jr., deceased, is an adult resident citizen of Madison County, Mississippi, whose address is 763 Versailles Dr., Ridgeland, MS 39157.  Rebecca Tilton was appointed Administratrix of the Estate

of John E. Tilton, Jr., deceased, by Order of the Chancery Court of Madison County, Mississippi.

8.       The case has been frivolously removed since the Plaintiffs have pleaded valid causes of action against the Mississippi Defendants, Aero Jackson Defendants, and, discovery does not exist between the Plaintiffs and all of the Defendants. Therefore, Defendant, Textron, is prohibited from removing this case to Federal Court.

9.       The case has also been wrongfully removed since the Federal Rules of Civil Procedure require that all Defendants join in the removal of this case. The Aero Jackson Defendants, who are proper Defendants in this case, did not join in the removal and the case must be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

10.      One or more of the Plaintiffs are adult resident citizens of the State of Mississippi. The Plaintiffs in this case have lawfully filed valid causes of action under Mississippi law in the Complaint against the Aero Jackson Defendants, both of which are Mississippi corporations. Since the Aero Jackson Defendants are Mississippi corporations and Plaintiffs are residents of the same state, diversity of citizenship does not exist and these causes of action must be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi.

11.      The removing Defendant, Textron, bears a heavy burden of proving fraudulent joinder.[1]  In the present case, it is clear that Defendant, Textron, cannot meet its burden because without question, the Complaint states viable claims against the non-diverse defendants, Aero Jackson Defendants. The Complaint, among other things, states claims for defective fuel, defective engine components, negligent servicing and inspection of the engine and component parts, and breach of contract outlined in the Complaint. The Defendant, Textron, simply cannot prove that the

---

[1] *B, Inc. v. Miller Brewing Co.,* 663 F.2d 545 (5th Cir. 1981)

Plaintiffs cannot be successful on negligence and/or breach of contract claims.

12.     The Plaintiffs have pleaded negligence against the Defendant, Aero Jackson

Defendants.  Specifically, the Complaint provides the claims in the following paragraphs:

> 14.     On November 13, 2012, immediately prior to the flight and
> the subsequent crash of the Aircraft, the Aircraft had been refueled
> with fuel supplied by Aero Jackson Defendants Jackson.    On
> November 13, 2012, the fuel pumped into in the Aircraft in question
> was defective and unreasonably dangerous.    The unreasonably
> dangerous and defective condition of the fuel that was pumped into
> the accident Aircraft was a contributing proximate cause of the
> accident on November 13, 2012; the deaths of John E. Tilton, Jr.,
> Dave Williams and W. C. Young; the destruction of the home owned
> and occupied by Roosevelt and Loretta Jamison.
>
> Defendant, Textron, Inc., and the Aero Jackson Defendants,
> performed services on the Textron, Inc. engine in question including
> certifying, servicing, repairing, testing, inspecting, overhauling,
> rebuilding, owning, operating, selling and annualing the aircraft
> engine and the aircraft engine component parts with knowledge that
> the Textron, Inc. engine would be flown and used by pilots on flights
> such as that flight on November 13, 2012.  The Defendant, Textron,
> Inc., and the Aero Jackson Defendants, were required to test, inspect,
> certify, maintain, overhaul, repair, rebuild, own, operate, sell, service
> and annual the aircraft and service the aircraft engine and aircraft
> engine component parts so that the aircraft engine and its component
> parts would be safe, not dangerous, and not defective.
>
> Prior to November 13, 2012, the Textron, Inc. engine and its
> component parts provided by the Defendant, Textron, Inc., and the
> Aero Jackson Defendants were defective and unreasonably
> dangerous.  The unreasonably dangerous and defective condition of
> the Textron, Inc. engine and the engine component parts were
> contributing proximate causes of the crash on November 13, 2012,
> and the injuries and damages of the Plaintiffs; the deaths of John E.
> Tilton, Jr., Dave Williams and W. C. Young; the destruction of the
> home owned and occupied by Roosevelt and Loretta Jamison; and the
> serious substantial injuries to Loretta Jamison.
>
> 19. On the occasion in question, the negligence of the Defendant,
> Textron, Inc., and the Aero Jackson Defendants were contributing

proximate causes of the accident in question; the injuries and damages of the Plaintiffs (including but not limited to pre-impact fright during the crash and injuries after the crash); the deaths of John E. Tilton, Jr., Dave Williams and W. C. Young; the destruction of the home owned and occupied by Roosevelt and Loretta Jamison; and the serious substantial injuries to Loretta Jamison.

20.    On and before November 13, 2012, the Defendant, Textron, Inc., and the Aero Jackson Defendants breached their duties by causing the Textron, Inc. engine and the aircraft engine component parts to be placed on the market and in service when the aircraft engine and/or the aircraft engine component parts were not safe for their intended purposes and uses.   The aircraft engine and the aircraft engine component parts provided by the Defendant, Textron, Inc., and the Aero Jackson Defendants were expected to and did reach the Plaintiffs' decedent, John E. Tilton, Jr., who was an occupant of the aircraft at the time of the crash.  The Aircraft engine; Aircraft engine fuel system; Aircraft engine fuel selector switches; exhaust system; and their component parts were in a defective and unreasonably dangerous condition which were the contributing proximate causes of the accident and the fatal injuries of Plaintiffs' decedent, John E. Tilton, Jr.; and the personal injuries, property damages and losses of Roosevelt Jamison and Loretta Jamison.

The Defendant, Textron, clearly cannot prove that the Plaintiff cannot be successful in a pure negligent claim against the Aero Jackson Defendants.

13.    Finally in Count VI Plaintiffs plead claims of false representations and misrepresentations made by the Aero Jackson Defendants and the other Defendants.  The Plaintiffs further plead claims for negligence.  The Plaintiffs, in paragraphs 45-50, stated the following:

45.    On and before November 13, 2012, the Aero Jackson Defendants' fuel was represented and warranted by the Defendants to be safe and suitable for the purposes for John E. Tilton, Jr., Dave Williams, W. C. Young and Superior Pallet Company were using the fuel.   The Aircraft engine fuel was marketed, warranted and represented to be safe and sold by the Aero Jackson Defendants as safe, not defective and not unreasonably dangerous.

46.    On the occasion in question the fuel sold by the Aero Jackson Defendants was defective, was contaminated, was unreasonably

dangerous, and contributed to the cause of the engine failure and was a contributing proximate cause of the accident and Plaintiffs' substantial injuries and damages.

47.     The Aero Jackson Defendants breached their warranties and their duty by placing the fuel on the market in a condition that was not reasonably safe for the aircraft engine's intended purposes and uses.  The fuel sold by the Aero Jackson Defendants was used by the Plaintiffs' decedent in the manner and for the purposes for which it was intended, manufactured, and sold.  The fuel sold by the Aero Jackson Defendants was defective since the engine fuel was contaminated and which contributed to the cause of the engine failure.  The Aero Jackson Defendants failed to give adequate warnings and instructions and the fuel was in a defective condition and was negligently or improperly maintained, serviced, inspected, filtered, processed, designed, sold and/or distributed.  Further, the fuel sold by the Aero Jackson Defendants was defective because the fuel failed to perform to express factual representations upon which the Plaintiffs' decedent justifiably relied and elected to use the product and as a result thereof express and implied warranties were breached.

48.     The defective contaminated condition of the aviation fuel sold by the Aero Jackson Defendants rendered the fuel unreasonably dangerous to John E. Tilton, Jr., Dave Williams, W. C. Young and Loretta Jamison and the defective and unreasonably dangerous condition of the fuel contributed to the cause of the accident in question and Plaintiffs' injuries and damages.

49.     The fuel sold by the Aero Jackson Defendants maintained inherently dangerous characteristics which were not generic aspects of aviation fuel; the inherently dangerous characteristics could be eliminated without substantially compromising the fuel's usefulness or desirability; and maintained inherently dangerous characteristics which are not recognized by the ordinary person, (including, but not limited to John E. Tilton, Jr., Dave Williams, W. C. Young, Loretta Jamison and Roosevelt Jamison) with ordinary knowledge common in the community.  The fuel sold by the Aero Jackson Defendants was defective because it failed to have adequate warnings and/or instructions.  The Aero Jackson Defendants knew, or in the light of reasonably available knowledge should have known, that the fuel when it left the control of the Aero Jackson Defendants was in a defective condition.

50. On the occasion in question Plaintiffs' did not have knowledge of the defective condition of the fuel; did not and could not have appreciated the danger of the defective conditions and did not deliberately or voluntarily expose themselves to the dangers and propensities of the fuel. The dangerous propensities and characteristics of the fuel were not known to the Plaintiffs' decedent and to the Plaintiffs and was not open and/or obvious to them. The fuel was defective in design, manufacturer, distributing, filtering, processing and selling because the manufacturers, processors, distributors and sellers knew or in the light of reasonably available knowledge or in the exercise of reasonable care knew or should have known about the dangerous propensities of the fuel.

The Defendant cannot prove that the Plaintiffs cannot be successful in their claims against the Aero Jackson Defendants. The above mentioned claims are clearly outside the Plaintiffs' claims for defective products as outlined in § 11-1-63.

14. Further, Textron, erroneously relies upon the allegation that Plaintiffs' claims concerning defective fuel are invalid due to the The National Transportation Safety Board ("NTSB") report and the opinions given or provided in the National Transportation Safety Board Report. The Court must disregard the supplemental material because the test for a Motion to Remand is the same as a Motion to Dismiss. The test is based on the well pleaded allegations of the Complaint. The Court is forbidden from relying on matters outside the pleadings. The Court, when taking all the well pled allegations as confessed, the Court must find that the Plaintiffs' have pleaded valid causes of action against the Mississippi Corporation Defendants and must remand the case to the First Judicial District of Hinds County, Mississippi. The NTSB findings filed by Textron should be stricken from the record and/or not considered by the Court. These findings cannot and should be disregarded by the Court since the report and the opinions in the report are inadmissible into evidence in civil trials. The allegations in the report must be disregarded by the

Court and stricken from the file based on 49 C.F.R. § 835.2, 49 U.S.C. § 1154 which reads as follows:

> Accident, for purposes of this part includes "incident."
>
> Board accident report means the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" of accidents). Pursuant to section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. 1154(b)) (Safety Act), no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.
>
> Factual accident report means the report containing the results of the investigator's investigation of the accident. The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports. In the case of a major investigation, group chairman factual reports are factual accident reports.
>
> 49 C.F.R. § 835.2

The statute is clear and unambiguous. The Defendant cannot rely on the NTSB report and/or the opinions given therein and the NTSB report must be stricken from the file and excluded from consideration by the Court in this matter.

15.  In short the allegations made by Textron, in support of the removal are frivolous and known by Textron to be frivolous. Accordingly, because the Plaintiffs have pleaded valid causes of action, in addition to causes of action for a defective product, such as breach of contract, negligence, breach of warranties, and since, all of those allegations must be accepted as true for the purposes of a Motion to Remand, diversity of citizenship does not exist between the Plaintiffs and the Mississippi Defendants, the Aero Jackson Defendants. As a result of the foregoing, this Court does not have jurisdiction of this case and Plaintiffs' Motion to Remand should be granted pursuant

to 28 U.S.C. §§ 1332, 1446 and 1447 and other applicable laws.

16. This matter cannot be removed because there is are in-state defendant, namely the Aero Jackson Defendants, whose actionable negligence, breach of contract, breach of warranties, misrepresentations contributed to or caused the Plaintiffs' damages. As a result the existence of at least two Mississippi Defendants and as a result of substantial, legitimate causes of action stated against the Aero Jackson Defendants, Textron is prohibited from removing the case from state court to federal court, and the case must be remanded to state court.

17. Plaintiffs have properly joined their claims against the Mississippi Defendants, the Aero Jackson Defendants, with their claims against Textron. The claims of the Plaintiffs against the in-state Defendants, the Aero Jackson Defendants, include claims for negligence; breach of contract; and breach of warranties, misrepresentations and the actions constitute gross and willful negligence entitling the Plaintiffs to recover both actual and punitive damages of and from the in-state Aero Jackson Defendants. Because the in-state Defendants have been properly joined and Plaintiffs have specifically set forth actionable claims against it, diversity of citizenship is not complete and the case must be remanded to the Circuit Court of the First Judicial District of Hinds County, Mississippi. Plaintiffs move the Court for an Order directing the Defendant, Textron, to pay, Plaintiffs' costs, including attorneys' fees, incurred by reason of the Defendant's, Textron, wrongful removal of this case to this Court.

18. Plaintiffs further move the Court to enter an Order (in accordance with Rule 16.1(b)(2)(b) of the Uniform Local Rules) staying the proceedings in this matter pending the Court's ruling on Plaintiffs' Motion to Remand.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs move the Court for an Order

remanding this matter to the Circuit Court of the First Judicial District of Hinds County, Mississippi on the grounds that diversity of citizenship does not exist between the Plaintiff and all of the Defendants, and the Court does not have jurisdiction and is duty-bound to remand this case.

WHEREFORE, PREMISES FURTHER CONSIDERED, Plaintiffs move the Court for an Order remanding this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi, since the Aero Jackson Defendants (who are Mississippi Defendants), cannot remove this matter because diversity of citizenship is lacking.

WHEREFORE, PREMISES FURTHER CONSIDERED, Plaintiffs move the Court, in accordance with Rule 16.1 (b)(g)(b) of the Uniform Local Rules, that the proceedings in this matter be stayed pending the Court's ruling on this Motion.

WHEREFORE, PREMISES FURTHER CONSIDERED, Plaintiffs move the Court for all costs, and attorneys' fees.

Respectfully submitted this the 5th day of December, 2014.

PLAINTIFFS

/s/Wayne E. Ferrell, Jr.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney At Law
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

Omar L. Nelson
MORGAN & MORGAN
188 E. Capitol Street, Suite 777
Jackson, Mississippi 39201

Amy D. Whitten
607 Highland Colony Parkway, Suite 100
Ridgeland, Mississippi 39157

CERTIFICATE OF SERVICE

     I, WAYNE E. FERRELL, JR., do hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court utilizing the ECF system which sent notification of such filing to the following:

     Ross F. Bass, Jr., Esq.
     James W. Shelson, Esq.
     R. Gregg Mayer, Esq.
     PHELPS DUNBAR LLP
     Post Office Box 16114
     Jackson, Mississippi 39236-6114
     bassf@phelps.com
     Shelsonj@phelps.com
     Mayerg@phelps.com

     William L. McDonough, Jr.
     COPELAND, COOK, TAYLOR & BUSH
     Post Office Box 10
     Gulfport, Mississippi 39502

     This the 5th day of December, 2014.

                          By:    /s/ Wayne E. Ferrell, Jr.
                                WAYNE E. FERRELL, JR.